Burkkt, J.
If the transfer of the lands and house to Loudon for the benefit of the creditors of Boehm was in violation of the terms and conditions of the policy, the amended petition stated no cause of action in favor of the trustee, and the amended cross-petition stated no cause of action or ground for relief in favor of Mr.’ Boehm; because the policy by that transfer became void, and of no binding effect as against the company, and in that event the demurrers to the amended petition and amended cross-petition were properly sustained, and judgment was properly ren *161 dered in favor of the insurance company, and it was error for the circuit court to reverse the judgment against Boehm and remand the cause for further proceedings. And if this be so, then all the subsequent proceedings were erroneous, and should be reversed, and the first judgment in favor of the company should be affirmed. So that the one question of controlling importance is, whether the transfer by the deed of assignment for the benefit of creditors, avoided the policy. As the policy and deed of assignment are made part of the petition, and are thereby brought into the record, the question is fairly and fully raised by the demurrers. The wolds of the policy are, “If the realty * * * or any part thereof, shall be sold or transferred,” the policy shall be void. The words of the deed of assignment are, “has and does hereby sell, grant, convey, transfer, set over and assign.” If there was not a sale out and out for value, there certainly was a transfer; and it was provided in the policy, which is the contract between the parties, that a transfer should render the policy void; and a transfer being conceded, it must follow that the policy is void, and that the petition, the amended petition, the cross-petition and amended cross-petition state no cause of action. Freydendall v. Baldwin, 103 Ill., 328; Perry v. Lorillard Insurance Co., 6 Lansing’s Reports N. Y., 201; 16 Commission of Appeals, N. Y., 214; 4 Ins. Law Journal, 673; Joyce on Insurance, 2288; May on Insurance, Sec. 276a; Guenzburger v. Insurance Co., 3 N. P., 140.
Defendants in error claim that as Mr. Boehm was in possession of the house up to the time of the fire, that there was no complete transfer, and cite May on Insurance, Section 264; but his was not a possession of right, but at sufferance. The deed of assignment *162 conveyed the full title, and that title carried with it the right of possession. Jones v. Timmons, 21 Ohio St., 596. There can be no right of possession as against a deed conveying the whole title without reservation, but there may be possession at sufferance after the making and delivery of such a deed.
The citation from May is as follows: “And of course, a voluntary assignment for the benefit of creditors is equivalently a transfer, unless possession be retained by the assignor.” The authority cited by May for the exception in favor of the assignor where he retains possession is Phoenix Insurance Co. v. Lawrence, 4 Met. (Ky.), 9. In that case there was a special. assignment of a stock of goods by deed by a debtor to one of his creditors, to pay the debts owned to such creditor, and to pay certain debts to other named creditors. There was a question as to whether the deed had been delivered and accepted, and it was conceded that the creditors had not receipted the debts. The court held that under such circumstances the debtor had still an insurable interest in the goods, but also held that if the title to the goods passed under the deed, that constructive possession passed with the title. That case is, therefore) not an authority as against a general assignment for' the benefit of creditors in this state. In the case at bar the assignee accepted the trust, and proceeded to execute it according to law,‘and the full title passed to him under the deed of assignment, and that carried with it the right of possession, and the possession of the tenant at sufferance was the possession of the holder of the legal title.
It is also- urged by defendants in error, that as Mi*. Boehm reserved all homestead and exemption rights under-the--laws of Ohio, he did not part with all his *163 rights in the premises, and still retained an insurable interest. But the petition shows that this property was mortgaged to the building and loan company at the time the assignment was made, for over $2,200.00, only part of which was afterward paid by a sale of the lands, which mortgage would prevail over all homestead and exemption rights, and all there was left to him was the possible right to receive out of the proceeds of the sale, a sum of money not exceeding five hundred dollars. This was a claim for money, and not a title in real estate. “One may be interested in the avails of property alienated, and yet have no right to the property itself.” May on Insurance, Sec. 264. The company did not place a policy of two thousand dollars upon a contingent claim for money which could not exceed five hundred dollars. The company placed the policy upon the building as a whole, and it would take the whole to keep the policy in force. The transfer of any part would avoid the policy. To compel the company to pay the policy because of the reservation of a possible claim for five hundred dollars, would be to make a new contract, a contract which the company evidently would not have made.
The judgment of the circuit court reversing the judgment in favor of the. insurance company and against G. A. Boehm is reversed, and the judgment of the common pleas court is affirmed, and all the judgments and proceedings had in the cause after the first judgments in favor of the insurance company, are reversed and set aside and held for nought.

Judgments reversed, and, common pleas affirmed.

Minshall, O. J., Speae, Davis and Shauck, JJ., concurred.
Williams, J., dissented.